**BROWN KWON & LAM, LLP**
Clara Lam, Esq. (CL6399)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
clam@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHEBA WILSON,**<br>*On behalf of herself and others similarly situated,*<br><br>     **Plaintiff,**<br><br>  **- against -**<br><br>**HAITIAN AMERICANS UNITED FOR PROGRESS, INC.,**<br><br>     **Defendant.** | **Case No.: 25-cv-4945**<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, SHEBA WILSON ("Plaintiff"), by and through her undersigned attorneys, hereby files this Collective Action Complaint against Defendant HAITIAN AMERICANS UNITED FOR PROGRESS, INC. (the "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of herself and similarly situated employees who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendant: (1) unpaid minimum wages, (2) unpaid wages, (3) liquidated damages, and (4) attorneys' fees and costs.

1

2.      Plaintiff also brings this action on behalf of herself and similarly situated employees pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations, seeking from Defendant: (1) unpaid minimum wages, (2) unpaid wages, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

3.      Plaintiff also brings this action on behalf of herself pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 215(a)(3) and the NYLL § 215, that Defendant retaliated against Plaintiff for complaining of Defendant's unlawful practices, seeking from Defendant: (1) economic damages, (2) emotional distress damages, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

5.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiff*

#### *SHEBA WILSON*

8.      Plaintiff is an adult who resides in New York County, New York.

9.      Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

10.     Plaintiff retained Brown Kwon & Lam, LLP to represent Plaintiff in this action and has agreed to pay the firm a reasonable fee for its services.

*__Defendants__*

11.     At all relevant times, Defendant is a not-for-profit corporation operating under the tradename Haitian Americans United for Progress, also known as "HAUP", providing health services, family assistant services, youth programs, adult education programs, immigration legal and resettlement services, among others, throughout the State of New York and the Tri-State area, including New Jersey and Connecticut.

12.     At all relevant times, Defendant maintains or maintained three offices for the operations of HAUP. The Queens locations for HAUP are located at 209-05 Jamaica Avenue, Queens Village, New York 11428 and 197-17 Hillside Avenue, Hollis, New York 11423, and HAUP "Brooklyn" is located at 1760 Nostrand Avenue, Brooklyn, New York 11226.

13.     At all relevant times, Defendant jointly employed Plaintiff and similarly situated employees.

14.     At all relevant times, each Defendant had substantial control over Plaintiff's and similarly situated employee's working conditions, and over the unlawful policies and practices alleged herein.

15.     At all relevant times, Defendant was and continues to be employers within the meaning of the FLSA and NYLL.

### *HAITIAN AMERICANS UNITED FOR PROGRESS, INC.*

16.     Defendant HAITIAN AMERICANS UNITED FOR PROGRESS, INC. is a domestic not-for-profit organization organized under the laws of the State of New York with a

principal place of business located at 197-17 Hillside Avenue, Hollis, New York 11423, and an

address for service of process located at c/o The Haitian Americans United for Progress, Inc., Elsie

Saint Louis-Accilien, 221-05 Linden Boulevard, Cambria Heights, New York 11411.

17.     At all relevant times, Defendant had an annual dollar volume of sales or business

in excess of $500,000.

18.     At all relevant times, Defendant were and continues to be an employer engaged in

interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

19.     Defendant is a covered employer within the meaning of the FLSA and NYLL, and,

at all relevant times, has employed Plaintiff and similarly situated employees.

20.     At all relevant times, Defendant has maintained control, oversight, and direction

over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and

other employment practices.

## FLSA COLLECTIVE ACTION ALLEGATIONS
### (UNPAID WAGES)

21.     Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of herself

and all similarly situated current and former non-exempt hourly-paid employees, employed at

HAUP, owned, operated, and/or controlled by Defendants, from the date that is six (6) years prior

to the filing of this Collective Action Complaint until the date of final judgment in this matter, and

who elect to opt-in to this action ("FLSA Collective Members").

22.     At all relevant times, Plaintiff and FLSA Collective Members are and have been

similarly situated, have had substantially similar job requirements and pay provisions, and are and

have been subject to Defendant's common policies, practices, procedures and patterns with regards

to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA

Collective Members their wages for all hours worked, including minimum wages for all hours

worked. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

23.     All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

24.     Defendant is aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

25.     For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendant's records.

## STATEMENT OF FACTS

26.     In or around 2021, Plaintiff was hired by Defendant to work in a direct support professional role, specifically in community rehabilitation, working with children, on behalf of HAUP. At all relevant times, Plaintiff was assigned to work with families in or around Queens or Long Island in the State of New York. On or about December 3, 2024, Defendant terminated Plaintiff in retaliation following her complaints of unpaid wages.

27.     At all relevant times, Plaintiff's work schedule varied, but she was scheduled to and regularly worked approximately 25 hours per week. At all relevant times, Plaintiff was required to work through her meal break and did not have a set meal break. In fact, Plaintiff was informed that she would not be permitted a meal break due to the nature of her role and job duties. FLSA Collective Plaintiffs worked similar hours per workweek.

28.     At all relevant times, Plaintiff was compensated at an hourly rate of $18.00 per hour, for all hours worked. FLSA Collective Plaintiffs were similarly compensated on an hourly basis.

29.     Starting from on or about August 12, 2024 through the end of Plaintiff's employment on or about December 3, 2024, Defendant stopped compensating Plaintiff any of her wages despite her continued work for Defendant. Other FLSA Collective Plaintiffs were similarly not properly compensated their wages despite their continued work for Defendant.

30.     Starting in or around September 2024, Plaintiff started complaining of late payments and missing wage payments, including to her director, John Fontus. Shortly thereafter, Defendant decided to terminate Plaintiff in retaliation in or around early December 2024, with her effective date of termination on December 3, 2024.

31.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs did not receive a proper notice of pay rate or pay day from Defendant, as required under the NYLL. At all times, Defendant was further required to notify their employees in writing of any changes to the requisite information set forth in a wage notice, including changes to their pay day. At all relevant times throughout Plaintiff and FLSA Collective Plaintiffs' employment, Defendant failed to inform them of changes to their pay day and/or pay frequency, and as a result, Plaintiff and FLSA Collective Plaintiffs were injured as they did not receive proper notice of when to expect their wage payments and suffered from financial harm, including prolonged non-payment of any wages.

32.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs did not receive proper wage statements from Defendant. At all relevant times, Plaintiff and FLSA Collective Plaintiffs regularly worked but did not receive wage statements on at least a biweekly basis identifying, among other requisite information for these statements, their total number of hours worked for the employment period and corresponding pay rate and gross pay. Due to Defendant's failure to regularly provide proper wage statements informing them of their total hours worked, pay rate,

and gross pay, Plaintiff and FLSA Collective Plaintiffs were injured and suffered financial harm from the non-payment of wages.

33.     At all times, Defendant knowingly and willfully operated their business with a policy of failing to pay the lawful minimum wage to Plaintiff and FLSA Collective Plaintiffs, in violation of the FLSA and NYLL.

34.     Defendant knowingly and willfully operated their business with a policy of failing to pay Plaintiff and FLSA Collective Plaintiffs the full and proper wages, in violation of the FLSA and NYLL.

35.     Defendant knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and FLSA Collective Plaintiffs pursuant to the requirements of the NYLL.

36.     Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and FLSA Collective Plaintiffs pursuant to the requirements of the NYLL.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

37.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38.     The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendant and protect Plaintiff and FLSA Collective Members.

39.      Defendant failed to pay Plaintiff and FLSA Collective Members the minimum wage for all hours worked up to forty (40) per workweek, and overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

40.      Defendant failed to pay Plaintiff and FLSA Collective Members their full and proper wages for all hours worked.

41.      Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

42.      Defendant's unlawful conduct has been willful and intentional. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members their full and proper wages for all hours worked when Defendant knew or should have known such was due. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

43.      Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

44.      As a result of Defendant's willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied their full and proper wages, including minimum wages and where applicable, overtime wages, in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

45.      Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendant. Plaintiff intends to obtain these records by

appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

46.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47.    At all times relevant, Plaintiff and the FLSA Collective Plaintiffs have been employees of Defendant, and Defendant has been an employer of Plaintiff and the FLSA Collective Plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

48.    Defendant failed to pay Plaintiff and FLSA Collective Plaintiffs the minimum wage to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

49.    Defendant failed to pay Plaintiff and FLSA Collective Plaintiffs proper overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

50.    Defendant failed to pay Plaintiff and the FLSA Collective Plaintiffs the full and proper wages for all hours worked.

51.    Defendant failed to furnish Plaintiff and the FLSA Collective Plaintiffs with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

52.     Defendant failed to furnish Plaintiff and the FLSA Collective Plaintiffs with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

53.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the FLSA Collective Plaintiffs as required by the NYLL and the supporting New York State Department of Labor Regulations.

54.     Defendant failed to properly disclose or apprise Plaintiff and the FLSA Collective Plaintiffs of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

55.     As a result of Defendant's willful violations of the NYLL, Plaintiff and the FLSA Collective Plaintiffs are entitled to recover from Defendant their unpaid minimum wage, unpaid wages, liquidated damages, statutory damages, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

**COUNT III**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT (RETALIATION)**

56.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57.     Plaintiff is an employee and a protected person within the meaning of the FLSA and Defendant is a covered employer under the FLSA.

58.     The FLSA prohibits employers from discharging, penalizing, or in any manner discriminating or retaliating against an employee for making a verbal or written complaint regarding possible wage-and-hour violations under the FLSA. 29 U.S.C. § 215(a)(3).

59.     Defendant unlawfully retaliated against Plaintiff on the basis of her protected activities under the FLSA by eliminating Plaintiff's role and then terminating her employment following their receipt of Plaintiff's complaints of unpaid wages.

60.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm for which she is entitled to an award of monetary damages and other relief.

61.     Due to Defendants' violation of FLSA, namely, retaliation against Plaintiff for engaging in protected activities, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) emotional distress damages, (3) liquidated damages; and (4) attorneys' fees.

**COUNT IV**

**VIOLATION OF THE NEW YORK LABOR LAW (RETALIATION)**

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11

63.     Plaintiff is an employee and a protected person within the meaning of the NYLL and Defendant is a covered employer under the NYLL.

64.     The NYLL § 215 prohibits employers from discharging, penalizing, or in any manner discriminating or retaliating against an employee for making a verbal or written complaint regarding possible wage-and-hour violations under the NYLL.

65.     Defendant unlawfully retaliated against Plaintiff on the basis of her protected activities under the NYLL by eliminating Plaintiff's role and then terminating her employment following their receipt of Plaintiff's complaints of unpaid wages.

66.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm for which she is entitled to an award of monetary damages and other relief.

67.     Due to Defendant's violation of NYLL, namely, retaliation against Plaintiff for engaging in protected activities, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) emotional distress damages, (3) liquidated damages; and (4) attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

   a. Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

   b. An award of unpaid wages due under the FLSA and NYLL;

   c. An award of liquidated damages as a result of Defendant's failure to pay minimum wages and the full and proper overtime wages, pursuant to the FLSA or NYLL;

d.  Statutory penalties for Defendant's failure to provide Plaintiff and FLSA Collective

Plaintiffs with proper wage notices, as required by the NYLL;

e.  Statutory penalties for Defendant's failure to provide Plaintiff and FLSA Collective

Plaintiffs with proper wage statements, as required by the NYLL;

f.  An order awarding relief for Defendant's retaliation, including but not limited to lost

compensation and emotional distress damages, under the FLSA and NYLL;

g.  Pre-judgment and post-judgment interest;

h.  Reasonable attorneys' fees and costs of this action;

i.  A declaratory judgment that the practices complained of herein are unlawful under the

FLSA and NYLL;

j.  An injunction against Defendant and their officers, agents, successors, employees,

representatives and any and all persons acting in concert with them as provided by law,

from engaging in each of the unlawful practices, policies and patterns set forth herein;

and

k.  Such other and further relief as the Court deems just and proper.

Dated:  September 4, 2025                    Respectfully submitted,

                                            **BROWN KWON & LAM, LLP**

                            By:     _/s/ Clara Lam_____

                                    Clara Lam, Esq. (CL6399)
                                    521 Fifth Avenue, 17th Floor
                                    New York, NY 10175
                                    Tel.: (212) 295-5828
                                    Fax: (718) 795-1642
                                    clam@bkllawyers.com
                                    *Attorneys for Plaintiff and FLSA Collective
                                    Plaintiffs*